UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-60016

**ALIETTE EXANTUS,**

    *Plaintiff,*

vs.

**FIESTA RESTAURANT GROUP, INC.,**

    *Defendant.*
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Aliette Exantus, through her counsel, sues Defendant Fiesta Restaurant Group, Inc., and in support thereof alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has original jurisdiction over this civil action pursuant, among other things, to 28 U.S.C. §§ 1331. The Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

2. Plaintiff, Aliette Exantus, ("Plaintiff" or "Ms. Exantus") is a resident of Broward County, Florida, and is competent to bring this action.

3. Defendant, Fiesta Restaurant Group, Inc., ("Fiesta") is a publicly traded Delaware corporation with a principal place of business in Texas, and is *sui juris*.

4. At all times relevant hereto, Fiesta is and was an "employer" as defined in 29 U.S.C. § 203(d). At all relevant times, through and including the date of filing of

this lawsuit, Fiesta has owned and operated Pollo Tropical restaurants throughout the State of Florida. According to Fiesta's most recent quarterly filing with the Securities and Exchange Commission for the quarterly period ending October 2, 2022, Fiesta owned and operated 137 Pollo Tropical restaurants located in Florida and franchised a total of 32 Pollo Tropical restaurants. The franchised Pollo Tropical restaurants include 17 in Puerto Rico, two in Panama, one in Guyana, two in Ecuador, one in the Bahamas, six on college campuses in Florida, and locations at one hospital and two sports and entertainment stadiums in Florida.

5. Fiesta's restaurants constitute an "enterprise" as defined by the 29 U.S.C. § 203(r), which is engaged in commerce or in the production of goods and materials for commerce and/or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of the 29 U.S.C. § 203(s). Fiesta is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00, exclusive of excise taxes.

6. During her employment, Plaintiff was engaged in commerce or in the production of goods and materials for commerce. During her employment, Plaintiff did handle, sell, or otherwise work on and/or with goods and materials that have been moved in or produced for commerce by any person.

7. During her employment, Plaintiff was handled, sold, and/or otherwise worked on and/or with goods and materials that moved in interstate commerce.

8. During her employment, Plaintiff also performed work directly essential to interstate commerce and Fiesta's business by, among other things, serving and handling items for the benefits of tourists and travelers that came from other states and countries; and serving and handling food and food related goods, products, and materials that came from other states.

9. Venue is proper in the Southern District of Florida because the workplace in which the unlawful practices were committed is in the Southern District of Florida.

10. All conditions precedent to bringing this action, if any, have occurred, have been waived, or would be a useless act and are accordingly waived.

11. Plaintiff has retained the undersigned law firm to represent her in this action and promised to pay a reasonable fee.

12. Plaintiff is entitled to recover reasonable attorneys' fees and costs under, *inter alia*, the Fair Labor Standards Act.

## NATURE OF ACTION

13. This action is brought for unpaid wages, unpaid overtime wages, liquidated damages, and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended (the "**FLSA**").

14. The Plaintiff was hired as a non-exempt employee by the Defendant.

15. During her employment, the Defendant had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but

willfully refused to properly compensate Plaintiff for all her hours worked, including overtime hours, in violation of the FLSA.

16. All records concerning the number of hours worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due. However, even these records are likely to be suspect because it was Defendant's practice not to accurately document worked hours, at least insofar as it related to hours paid.

17. Going back years, Defendant knew and/or showed reckless disregard of FLSA provisions concerning the payment of hourly and overtime wages to Plaintiff.

18. Throughout the spring of 2022, including March and April of 2022, Defendant's managerial staff informed Plaintiff and others that they were not to record all their hours, including overtime hours. In exchange for not recording all their hours, employees were offered cash payments outside of payroll. Plaintiff refused all such cash payments, believing them to be improper.

19. On or about May 1, 2022, Plaintiff initiated a meeting with one of her superiors, Assistant Manager Beatriz Mosquera, because Plaintiff noticed that one of her wage payments was missing a substantial number of hours since it did not reflect the time from a day in which she worked approximately 15 hours.

20. At the meeting on or about May 1, 2022, Plaintiff complained about her lack of appropriate pay, including Defendant's failure to be paid all hours, including overtime.

21. When Plaintiff made this complaint to Mosquera, Mosquera called the Manager, Digna Cruz. Thereafter, Mosquera told Plaintiff she would be given a cash payment (well short of the amount of money missing from Plaintiff's paycheck) instead of properly paying Plaintiff the hours she was owed. Plaintiff did not agree to take the cash payment because she believed it would have been improper.

22. On or about May 2, 2022, Plaintiff's son sent a message to Digna Cruz in writing stating, in pertinent part, "you steal my moms hours."

23. After complaining to her supervisor about the inaccuracies and deficiencies in her pay, Defendant retaliated by taking adverse employment actions against Plaintiff.

24. One such adverse employment action was making Plaintiff's job significantly harder. For instance, Defendant would give Plaintiff numerous tasks to do at once, knowing they could not be duly completed.

25. On or about May 16, 2022, Defendant took the ultimate adverse action by terminating Plaintiff, but this was not immediately clear to Plaintiff.

26. On or about May 18, 2022, Digna Cruz left a voicemail for Plaintiff in which Cruz asked why Plaintiff had worked the previous day because "you're terminated already." The voicemail concluded, "You're not working for me no more. Bye bye."

27. On or about May 19, 2022, Plaintiff was given a "Counseling Form" dated May 16, 2022 as her termination document.

28. Despite the fact that the Counseling Form was provided as a termination document, it states that "[a]dditional performance deficiencies and/or violations will result in termination" and does not appear to facially state that it terminated Plaintiff.

29. The Counseling Form was signed by Digna Cruz and witnessed by Beatriz Mosquera. It states that counseling was to be provided to Plaintiff for "unacceptable behavior or performance" and provides, among other things, that Plaintiff needed counseling for "leaving before end of scheduled shift without notifying" and "insubordination (intentional refusal to follow instruction of supervisor)." However, as mentioned above, the Counseling Form was apparently utilized as the termination document notwithstanding its language which purported to provide for counseling.

30. The purported grounds for Plaintiff's termination as stated in the Counseling Form, as well as any other grounds Defendant might provide for her termination or any other adverse employment actions, were pretextual.

31. Alternatively, even if any grounds Defendant may provide for Plaintiff's termination or any other adverse employment actions are not fully pretextual, then retaliation was at least a motivating factor.

32. As a result of Defendant's intentional, willful, and/or reckless acts, Plaintiff has suffered damages.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
## UNPAID WAGES AND OVERTIME WAGES

33. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 32 of this Complaint as if set forth herein.

34. This count arises from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to properly pay wages and overtime wages to Plaintiff.

35. Plaintiff consistently worked in excess of forty (40) hours per week.

36. Plaintiff was not properly paid wages for all hours worked.

37. Additionally, Plaintiff was not paid at the rate of time and one-half for all overtime worked.

38. Defendant knew and/or showed reckless disregard of FLSA provisions concerning the payment of wages and overtime wages to Plaintiff.

39. Defendant had knowledge of the work schedule and the amount of hours worked by Plaintiff.

40. Defendant knew and/or should have known of the work performed by Plaintiff.

41. Defendant knew and/or should have known Defendant's obligation to pay wages and overtime wages to Plaintiff.

42. Defendant's failure to comply with the wage and overtime wage requirements of the FLSA, and consequently, Defendant's failure to pay wages and

overtime wages to Plaintiff, is an intentional, willful, and/or reckless violation of the FLSA.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. judgment in the amount of the owed wages and overtime wages owed to Plaintiff based on the work performed by Plaintiff;

B. all other damages permitted at law;

C. liquidated damages in an amount equal to the amount of unpaid wages and overtime wages;

D. finding that Defendant's violations of the FLSA are willful;

E. reasonable attorneys' fees and taxable costs incurred in prosecuting this action;

F. prejudgment and post-judgment interest; and

G. such other and further relief as this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**RETALIATION**

43. Plaintiff hereby re-alleges and reincorporates paragraphs 1 through 32 of this Complaint as if set forth herein.

44. Plaintiff engaged in statutorily protected activity by, *inter alia*, complaining about Defendant not paying her properly, including by failing to pay her all monies owed for the hours worked, including overtime hours, and in refusing inadequate cash compensation, including after complaining, among other things.

45. After Plaintiff engaged in such statutorily protected activity, she was subjected to adverse employment actions, including relating to her workload designed to force her to quit, demerits and/or write-ups, and ultimately termination.

46. The purported grounds for Plaintiff's termination as stated in the Counseling Form, as well as any other grounds Defendant might provide for her termination or any other adverse employment actions, were pretextual.

47. Alternatively, even if any grounds Defendant may provide for Plaintiff's termination or any other adverse employment actions are not fully pretextual, then retaliation was at least a motivating factor.

48. Plaintiff's complaints are causally connected to Defendant's retaliatory adverse employment actions against her.

49. As a result of the Defendant's unlawful retaliation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. judgment for all allowable nominal, actual, and compensatory damages, including unpaid wages and overtime wages and all other damages flowing from the adverse employment actions against Plaintiff, including but not limited to lost wages;

B. all other damages permitted at law;

C. liquidated damages;

      D.    damages for emotional distress, mental anguish, and loss of dignity;

      E.    finding that Defendant's violations of the FLSA are willful;

      F.    reasonable attorneys' fees and taxable costs incurred in prosecuting this action;

      G.    prejudgment and post-judgment interest; and

      H.    such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

50.    Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

*Counsel for Plaintiff Aliette Exantus*

**THE BURTON FIRM, P.A.**
2875 N.E. 191st Street, Suite 403
Aventura, Florida 33180
(305) 705-0888
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com

By:  /s/ Marc A. Burton
      Marc A. Burton    Fla. Bar No. 95318
      Richard J. Burton  Fla. Bar No. 179337